**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| ZACHARY HUSTON and JESSICA HUSTON,<br>        Plaintiffs,<br><br>    v.<br><br>DHESI SUKHDEV and S & B DHESI TRUCKING, LTD,<br>        Defendants. | )<br>)<br>)<br>)<br>)   CAUSE NO.: 2:20-CV-481-PPS-JPK<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendants Sukhdev Dhesi and S&B Dhesi Trucking, Ltd. invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal to federal court. As the parties seeking federal jurisdiction, Defendants have the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as any plaintiff, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Defendants have alleged a sufficient amount in controversy (subject to any future challenge). Defendants have also sufficiently alleged the citizenship of Defendant Sukhdev Dhesi (subject to

any future challenge). However, the allegations are insufficient as to the citizenship of Plaintiffs and S&B Dhesi Trucking, Ltd.

The Notice of Removal states that "Plaintiff is a citizen of the State of Indiana." (Notice of Removal ¶ 9, ECF No. 1). The Notice of Removal further states that "S&B Dhesi Trucking Ltd. is a citizen of the Province of Ontario, Canada, with its sole address and place of business located at 22 Coin Street, Brampton, Ontario, Canada L6y 5R5." *Id.* at ¶ 11. These allegations are insufficient for the purpose of determining citizenship.

First, there are two Plaintiffs in this matter. Though Plaintiffs are married, the Court will not presume that they are citizens of the same state absent such an allegation on the docket. *See Freeborn & Peters v. Jacobson*, 43 F. Supp. 2d 931, 933 (N.D. Ill. 1999) (dismissing complaint for lack of subject matter jurisdiction where plaintiff failed to allege the citizenship of any party, specifically noting that plaintiff erroneously provided only the residence of "defendant" in the singular, when defendants were a married couple). Accordingly, Defendants must provide the state of citizenship for both Plaintiffs.

Second, the allegations regarding the citizenship of Defendant S&B Dhesi Trucking, Ltd. are unclear as to its organizational form. This information is important because for purposes of establishing diversity jurisdiction, a corporation's citizenship is different than that of a limited liability company or partnership.

A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Seventh Circuit Court of Appeals has further "held that 'when one corporation sues another and the only basis of federal jurisdiction is diversity, the [party asserting federal jurisdiction] must allege both the state of incorporation *and* the state of principal

2

place of business for each corporation.'" *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 974-75 (7th Cir. 1988) (citing *Casio, Inc. v. S.M. & R. Co., Inc.*, 755 F.2d 528, 529-30 (7th Cir. 1985)); *see also Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998) ("in cases with corporate parties, it is necessary to allege both the state of incorporation and the state of the principal place of business, even if they are one and the same." (internal citation omitted)).

Conversely, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, if Defendant S&B Dhesi Trucking, Ltd. is actually akin to a limited liability company or partnership, the Court must be advised of the identity of each of its members or partners and advised of each member's or partner's citizenship. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). It is not sufficient to broadly allege that all members of a limited liability company or partners of a partnership are citizens of a particular state. *See Thomas*, 487 F.3d at 533-34 ("blanket declaration" that an LLC's member(s) "are citizens of another state," and "naked declaration that there is diversity of citizenship," are both insufficient); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, the Court **ORDERS** Defendants to **FILE**, on or before **January 28, 2021**, a supplemental jurisdictional statement and supporting brief providing:

1. A statement of law regarding the nature of the Canadian limited company entity for the purpose of determining its citizenship in the context of diversity jurisdiction under 18 U.S.C. § 1332 and a discussion of why Defendant S&B Dhesi Trucking, Ltd. should be considered either a corporation, limited liability company, or partnership in this context.

2. Sufficient allegations as to the citizenship(s) of Plaintiffs and Defendant S&B Dhesi Trucking, Ltd., as outlined above.

So ORDERED this 14th day of January, 2021.

                                            s/ Joshua P. Kolar
                                            MAGISTRATE JUDGE JOSHUA P. KOLAR
                                            UNITED STATES DISTRICT COURT